FILED
COURT OF APPEALS
DIVISION II

2015 MAY 27 AM 9: 33

STATE OF WASHINGTON

BY_____
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45569-2-II |
| Respondent, | |
| v. | |
| ERIN D. RIEMAN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Erin D. Rieman appeals the trial court's denial of his CrR 7.8 motion to withdraw his guilty plea, arguing that he is entitled to relief because newly discovered evidence shows that his plea was involuntary and because he received ineffective assistance of counsel from the attorney who filed his motion to withdraw. We convert his appeal to a personal restraint petition and deny Rieman's claims as untimely and without merit.

### FACTS

On October 20, 2009, the State charged Rieman, as a principal or an accomplice, with one count of second degree murder with aggravating factors, a deadly weapon sentence enhancement, and first degree theft. Rieman was accused of murdering John Adkins. After extended negotiations, Rieman agreed to enter an *Alford* plea[1] to an amended charge of first degree

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

manslaughter with the aggravating factor that he used his position of trust, confidence, or fiduciary responsibility to facilitate the offense.

During the plea hearing, the State explained that the "tremendous amount of circumstantial evidence" in the case was tied together by a statement from codefendant Walter Bremmer, who was on a fishing vessel with Adkins and Rieman when Adkins died.[2] Verbatim Report of Proceedings (May 11, 2010) at 5. Defense counsel acknowledged that Bremmer's statement about Adkins' death was central to Rieman's decision to plead guilty. Counsel added that an extensive investigation had revealed blood and DNA (deoxyribonucleic acid) evidence attributable to Rieman and Adkins but not to Bremmer, and that other evidence from the murder scene corroborated Bremmer's statement.

After an extended colloquy in which Rieman assured the trial court that no one had threatened him and that he was acting of his own free will, Rieman pleaded guilty to the amended charge and agreed to an exceptional sentence of 132 months. On May 21, 2010, the trial court sentenced him accordingly. Rieman did not appeal.

On September 30, 2013, Rieman moved to withdraw his guilty plea and to vacate his sentence under CrR 7.8. Rieman argued that his plea was involuntary because it was coerced by threats from Bremmer, his former codefendant. Rieman asserted for the first time that Bremmer strangled Adkins and then threatened Rieman and his family if Rieman did not "support his story." Clerk's Papers (CP) at 51. Rieman argued that he could not reveal these facts or threats until Bremmer's arrest on an unrelated murder charge in Hawaii.

---

[2] Bremmer apparently received immunity from prosecution in return for his statement.

No. 45569-2-II

The State moved to strike Rieman's motion on the ground that it was untimely. Following a hearing, the trial court agreed and ruled as follows:

> IT IS HEREBY ORDERED that the motion of the defendant to withdraw his guilty plea is denied. More than one year has elapsed since the defendant was sentenced. The defendant has not made a threshold showing that he meets the requirements for withdrawal of plea as listed in CrR 7.8(b) and RCW 10.73.100.

CP at 56.

Rieman moved for reconsideration and argued that the one-year time limit did not apply because Bremmer's arrest in October 2012 constituted newly discovered evidence. The trial court denied reconsideration.

Rieman then filed this appeal, arguing that the trial court erred in denying his motion to withdraw without holding an evidentiary hearing, that the motion was timely because of newly discovered evidence, and that he received ineffective assistance of counsel from the attorney who filed the motion. Rieman asserts that we should reverse and remand for a hearing on the merits or treat this matter as a personal restraint petition.

ANALYSIS

A.    CrR 7.8 Motions

Under CrR 7.8(c)(2), the superior court must transfer a motion to vacate judgment to this court unless it determines that the motion is timely filed under RCW 10.73.090 and "either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing." In other words, only if the motion is timely and appears to have merit or requires fact finding should the superior court retain and hear the motion; in all other cases, the motion is transferred to this court. *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666

3

(2008). Under CrR 7.8(c)(2), the superior court does not have authority to dismiss a CrR 7.8 motion if it is untimely under RCW 10.73.090. *Smith*, 144 Wn. App. at 863.

Under RCW 10.73.090(1), a collateral attack on a judgment and sentence generally is timely if filed within one year after the judgment becomes final.[3] Rieman's judgment became final in 2010, and he did not file his CrR 7.8 motion until 2013. *See* RCW 10.73.090(3)(a) (judgment is final when filed with clerk of trial court). Rieman's CrR 7.8 motion was not timely under RCW 10.73.090, and the trial court should have transferred it to this court for consideration as a personal restraint petition. CrR 7.8(c)(2). But, because Rieman invites us to consider his appeal as a personal restraint petition, we decline to remand for an order complying with CrR 7.8(c)(2) and instead convert this appeal to a personal restraint petition.

B.    NEWLY DISCOVERED EVIDENCE UNDER RCW 10.73.100(1)

The one-year time limit does not apply to a personal restraint petition if its issues implicate the exceptions to the time bar in RCW 10.73.100. *In re Pers. Restraint of Gentry*, 179 Wn.2d 614, 624-25, 316 P.3d 1020 (2014). Rieman's assertion that newly discovered evidence demonstrates that his plea was involuntary triggers the exception in RCW 10.73.100(1). This exception entitles a petitioner to relief if he establishes that the evidence "'(1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching.'" *In re Pers. Restraint of Brown*, 143 Wn.2d 431, 453, 21 P.3d 687 (2001) (quoting *State v. Williams*, 96 Wn.2d 215, 222-23, 634 P.2d 868 (1981)).

---

[3] The exceptions to the time bar for facially invalid judgments and judgments entered outside the court's jurisdiction do not apply here. RCW 10.73.090(1).

Rieman argues that Bremmer's 2012 conviction is newly discovered evidence that entitles him to withdraw his plea. *See State v. Osborne*, 102 Wn.2d 87, 97, 684 P.2d 683 (1984) (coercion may render plea involuntary). Rieman asserts that he could not reveal the coercion and threats that led him to plead guilty until he learned of Bremmer's conviction. But this argument does not satisfy the test for newly discovered evidence because it rests on information that Rieman allegedly knew at the time of his plea; i.e., that he was being threatened by Bremmer. *See Brown*, 143 Wn.2d at 453 (to qualify as newly discovered, evidence must have been discovered since trial and must not have been discoverable before trial). Thus, the fact that Bremmer's conviction prompted Rieman to reveal preexisting coercion does not support Rieman's claim that newly discovered evidence shows his plea was involuntary.

C.     INEFFECTIVE ASSISTANCE OF COUNSEL

Rieman also argues that he received ineffective assistance from the attorney who filed his motion to withdraw his plea. This issue is timely.

To show that he received ineffective assistance of counsel, Rieman must demonstrate that his counsel's performance was deficient and that the deficiency was prejudicial. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 847, 280 P.3d 1102 (2012). Rieman complains that in moving to withdraw his plea, his attorney presented no independent evidence concerning Bremmer's recent conviction in Hawaii. Rieman also notes that the motion to withdraw contained only a four-paragraph memorandum, which stated in relevant part:

> Defendant was convicted of manslaughter in the first degree with an aggravating factor for the death of his friend and business partner John C. Adkins. Defendant asserts that his plea of guilty was an involuntary result of duress and coercive threats by Walter Bremmer against the defendant, his girlfriend at the time,

his daughter and grandchildren who live in Hawaii. Those threats only ended when Bremmer was arrested and convicted of murder in Hawaii.

CP at 49.

Attached to this memorandum was a letter from Rieman stating that Bremmer killed Adkins and threatened Rieman's life and the lives of his family if Rieman did not support Bremmer's story. Other than the letter, defense counsel presented no substantive facts to support Rieman's argument that Bremmer coerced him into entering the plea agreement. Rieman argues that he was prejudiced by counsel's failure to produce evidence of Bremmer's conviction, "which tended to support the argument that Mr. Bremmer is violent, that he caused the death of Mr. Adkins, and that he threatened Mr. Rieman in order to cover up the crime." Br. of Appellant at 14.

In opposing Rieman's motion to withdraw, the State did not dispute the facts regarding Bremmer's recent arrest and conviction. The State did dispute the relevance of those facts to Rieman's request for relief. We agree with the State that the fact that Bremmer was subsequently convicted of an unrelated murder does not show that he killed Adkins or that he threatened Rieman to cover up the crime. Moreover, even if defense counsel had obtained additional information supporting the claim that Bremmer coerced Rieman into pleading guilty, that information would not satisfy the test for newly discovered evidence because Rieman was aware of Bremmer's purported threats when he pleaded guilty. The fact of Bremmer's conviction does not change the information that Rieman possessed at the time of his plea. Consequently, we see no deficient performance in counsel's failure to obtain more information about Bremmer's conviction or about his alleged threats and coercion.

No. 45569-2-II

We deny the petition's claims as untimely and without merit.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Maxa, J.

7