**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of | No. 48472-2-II |
| KENNETH RAYMOND FORGA, | |
| Petitioner. | UNPUBLISHED OPINION |

LEE, J. – Kenneth Raymond Forga seeks timely relief from personal restraint imposed following his convictions for two counts of delivery of methamphetamine within 1,000 feet of a school bus route stop, possession of methamphetamine with intent to deliver, and unlawful possession of morphine. In support of his petition, Forga argues that he received ineffective assistance of counsel when counsel did not object to the admission of evidence involving Forga's cellular telephone. Forga contends this evidence was admitted in violation of Washington's privacy act, chapter 9.73 RCW.[1] We disagree.

---

[1] In Forga's direct appeal, this court affirmed his convictions in an unpublished opinion. *State v. Forga*, noted at 188 Wn. App. 1041 (2015). Forga did not raise the privacy act issue in his direct appeal.

A.      LEGAL PRINCIPLES

To prevail on a collateral attack on a judgment and sentence by way of a personal restraint petition, a petitioner must generally first establish that a constitutional error has occurred and it has resulted in actual and substantial prejudice or that a nonconstitutional error has caused a complete miscarriage of justice. *In re Pers. Restraint of Grantham*, 168 Wn.2d 204, 212, 227 P.3d 285 (2010). "[I]f a personal restraint petitioner makes a successful ineffective assistance of counsel claim, he has necessarily met his burden to show actual and substantial prejudice." *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012). To establish ineffective assistance of counsel, Forga must show that counsel's performance fell below an objective standard of reasonableness and that counsel's deficiency prejudiced him. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 35, 296 P.3d 872 (2013); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Recordings obtained in violation of the privacy act are inadmissible for any purpose at trial. RCW 9.73.050. The act makes it unlawful to intercept or record private communications transmitted by telephone without first obtaining the consent of all participants in the communication. RCW 9.73.030(1). Investigating officers may search such devices with "consent or a warrant." *State v. Roden*, 179 Wn.2d 893, 896, 321 P.3d 1183 (2014).

B.      NO DEFICIENT PERFORMANCE

Here, detectives obtained a search warrant of Forga's trailer that included "[c]ellular telephones and the contents of the cellular telephone." Br. of Resp't, App. A at 10. While the police were searching the trailer, a cellular telephone on the coffee table rang. A detective answered, and the caller asked if he could stop by. The caller indicated that he wanted a "20,"

which the detective knew meant $20 worth of methamphetamine. 2 Report of Proceedings (RP) at 247.[2] The detective clarified, asking if the caller meant "'crystal' and 'white,'" which are street terms for methamphetamine, and the caller said that is what he wanted. 2 RP at 247. When the caller arrived approximately five minutes later, the caller was arrested.

Police may search a cellular telephone covered by a valid search warrant. *State v. Samalia*, 186 Wn.2d 262, 272, 375 P.3d 1082 (2016). Forga provides no legal authority to support his argument that the privacy act excludes the contents of a cellular telephone searched pursuant to a valid warrant. Nor has Forga shown that the search warrant was invalid. The search warrant in this case authorized the seizure and inspection of Forga's cellular telephone and its contents. Hence, the police officer executing the search warrant was authorized to not only seize Forga's cellular telephone, but also examine it. *Id.* Therefore, any information gathered from the cellular telephone, including the conversation the officer had with the third party, was covered under the search warrant.

Given the circumstances, a motion to suppress would not have been successful, and defense counsel's failure to move to suppress the cellular telephone conversation was not deficient performance. Without a deficient performance showing, Forga's ineffective assistance of counsel claim fails.

---

[2] This court granted Forga's motion to transfer the record of proceedings from his direct appeal to his PRP. Ruling, *In re Pers. Restraint of Forga*, No. 48472-2-II (Wash. Ct. App. May 2, 2016).

No. 48472-2-II

Based on the above, Forga has failed to establish that a constitutional error has occurred that resulted in actual and substantial prejudice. Accordingly, his PRP is denied.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

LEE, J.

We concur:

WORSWICK, P.J.

SUTTON, J.

4