# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of<br><br>JOSE ISIDRO-SOTO,<br><br>Petitioner. | No.  46673-2-II<br><br>UNPUBLISHED OPINION |

WORSWICK, J. — In his personal restraint petition (PRP), Jose Isidro-Soto collaterally challenges his 2004 guilty plea conviction for second degree assault with a deadly weapon enhancement.  Isidro-Soto seeks to withdraw this plea because his defense counsel failed to accurately advise him about the deportation consequences of pleading guilty.  We grant Isidro-Soto's PRP and remand to the superior court with instructions that Isidro-Soto be allowed to withdraw his plea.

## FACTS

A.     *Background*

Isidro-Soto was born in and is a citizen of Mexico.  Isidro-Soto first entered the United States as a child in 1993, and he became a permanent legal resident of the United States on July 1, 2004.  On August 17, the State charged Isidro-Soto with one count of second degree assault with a deadly weapon,[1] one count of second degree unlawful possession of a firearm,[2] and one

---

[1] Former RCW 9A.36.021(1)(c) (2003).

[2] Former RCW 9.41.040(2)(a) (2003).

count of felony harassment.[3]  In exchange for a guilty plea to one count of second degree assault with a deadly weapon enhancement, the prosecutor offered to dismiss the second degree unlawful possession of a firearm and felony harassment charges.

Isidro-Soto pleaded guilty on October 4.  Isidro-Soto signed a Statement on Plea of Guilty that contained a boilerplate warning stating that a guilty plea may affect a noncitizen's immigration status.  Isidro-Soto was sentenced to 16 months of imprisonment.

B.      *Procedure*

After Isidro-Soto served his sentence, the Supreme Court of the United States decided *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010).  In *Padilla*, the Supreme Court held that a constitutionally competent defense attorney must advise a client facing criminal charges about the risk of deportation.  559 U.S. at 367.  Additionally, *Padilla* explicitly rejected the proposition that only affirmative misadvice about deportation consequences of a plea, and not the failure to give such advice, could constitute ineffective assistance of counsel.  559 U.S. at 369-73.

In January 2014, Isidro-Soto received notice that the United States immigration court would begin deportation proceedings against him.  On August 4, Isidro-Soto filed a motion to withdraw his guilty plea and vacate his conviction under CrR 4.2 and CrR 7.8, alleging that he received ineffective assistance of counsel because defense counsel failed to advise him of the deportation consequences of the State's plea offer, as required in *Padilla*.  Isidro-Soto stated that he would not have pleaded guilty if he knew that he would be subject to deportation.  The superior court transferred Isidro-Soto's motion to us for consideration as a PRP after determining

---

[3] Former RCW 9A.46.020(1), (2)(b) (2003).

that Isidro-Soto's motion was time-barred and that he failed to make a substantial showing that he was entitled to relief.

While Isidro-Soto's PRP was pending in this court, the Washington Supreme Court decided *In re Pers. Restraint of Yung-Cheng Tsai*, 183 Wn.2d 91, 351 P.3d 138 (2015). In *Yung-Cheng Tsai*, the Washington Supreme Court held that *Padilla* effected a significant, material, retroactive change in Washington law. 183 Wn.2d at 107-08. Accordingly, the Washington Supreme Court held that a petitioner could collaterally attack his judgment over one year after the judgment became final if *Padilla* was material to his conviction. 183 Wn.2d at 107-08. We then ordered the State to provide a supplemental response addressing the merits of Isidro-Soto's PRP in light of *Yung-Cheng Tsai*. In its briefing, the State conceded that Isidro-Soto's PRP was not time-barred and that Isidro-Soto was entitled to an evidentiary hearing on the merits of his PRP.

We remanded Isidro-Soto's PRP to the superior court for an evidentiary hearing. Following the evidentiary hearing, the superior court entered findings of fact. The superior court found:

> . . . The defendant's attorney testified that he did not misadvise the defendant that if he went to trial and were convicted, he would be deported, but if he entered a plea of not guilty, he would not be deported. The court finds that this testimony is credible.
> . . . The defendant's attorney testified that he "may not have advised" the defendant of the immigration consequences of his conviction. The court finds that this testimony is credible.
> . . . The defendant's attorney testified that he did not research whether a criminal conviction would make the defendant deportable, and did not consult with an immigration attorney in this case. The court finds that this testimony is credible.
> . . . The defendant's attorney testified "it's possible" that he never advised the defendant that by pleading guilty he would be facing certain deportation. The court finds that this testimony is credible.

No. 46673-2-II

Clerk's Papers (CP) at 3.

ANALYSIS

In his PRP, Isidro-Soto seeks to withdraw his guilty plea because his defense counsel was ineffective for failing to accurately advise him about the deportation consequences of pleading guilty. The State argues that Isidro-Soto cannot show that he was unaware of the immigration consequences of his plea and therefore cannot show that his counsel was ineffective. We agree with Isidro-Soto. Accordingly, we grant Isidro-Soto's PRP and remand to the superior court.

The petitioner in a PRP must first prove error by a preponderance of the evidence. *In re Pers. Restraint of Crow*, 187 Wn. App. 414, 420-21, 349 P.3d 902 (2015). Then, if the petitioner is able to show error, he must also prove prejudice, the degree of which depends on the type of error shown. 187 Wn. App. at 421.

To obtain relief, the petitioner must show either constitutional or nonconstitutional error. *In re Pers. Restraint of Woods*, 154 Wn.2d 400, 409, 114 P.3d 607 (2005). If the error is constitutional, the petitioner must demonstrate that it resulted in actual and substantial prejudice. 154 Wn.2d at 409. "[I]f a personal restraint petitioner makes a successful ineffective assistance of counsel claim, he has necessarily met his burden to show actual and substantial prejudice." *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012).

If the petitioner fails to make a prima facie showing of either actual or substantial prejudice, we deny the PRP. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013). If the petitioner makes such a showing, but the record is not sufficient to determine the merits, we remand for a reference hearing. 177 Wn.2d at 18. But if we are convinced that the petitioner has proven actual and substantial prejudice, we grant the PRP. 177 Wn.2d at 18.

4

We review ineffective assistance of counsel claims de novo. *State v. Brown*, 159 Wn. App. 366, 370, 245 P.3d 776, *review denied*, 171 Wn.2d 1025. (2011). Because of deportation's "close connection" to the criminal process, advice about deportation consequences falls within "the ambit of the Sixth Amendment right to counsel." *Padilla*, 559 U.S. at 366. The Sixth Amendment right to effective assistance of counsel includes the plea process. *State v. Sandoval*, 171 Wn.2d 163, 169, 249 P.3d 1015 (2011). Counsel's faulty advice may render a petitioner's guilty plea involuntary or unintelligent. 171 Wn.2d at 169. To establish that his guilty plea was involuntary or unintelligent due to counsel's inadequate advice, a petitioner must show that his attorney's performance was deficient and that he was prejudiced by that deficiency. 171 Wn.2d at 169.

## I. DEFICIENT PERFORMANCE

Isidro-Soto argues that defense counsel's failure to accurately advise him of the deportation consequences of pleading guilty to second degree assault was deficient because second degree assault is a clearly deportable offense. We agree.

*Padilla* explicitly rejected the proposition that only affirmative misadvice about deportation consequences of a plea, and not the failure to give such advice, could constitute ineffective assistance of counsel. 559 U.S. at 369-73. Because "[i]mmigration law can be complex," we must consider the applicable immigration laws in determining whether defense counsel's advice about deportation consequences was deficient. 559 U.S. at 369. "[T]he precise advice required depends on the clarity of the law." *Sandoval*, 171 Wn.2d at 170. If it is "truly clear" from the applicable immigration laws that an offense is deportable, defense counsel must correctly advise the defendant that pleading guilty to that particular charge would lead to

5

deportation. *Padilla*, 559 U.S. at 369. If the law "is not succinct and straightforward," defense counsel must provide only a general warning that "pending criminal charges may carry a risk of adverse immigration consequences." 559 U.S. at 369. Additionally, "[w]here an attorney unreasonably fails to research or apply relevant statutes without any tactical purpose, that attorney's performance is constitutionally deficient." *Yung-Cheng Tsai*, 183 Wn.2d at 102.

The Immigration and Nationality Act of 2008, codified in Title 8 of the United States Code, sets forth a number of grounds upon which a noncitizen may be deported. Under 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1101(a)(43)(F) defines "aggravated felony" as "a crime of violence . . . for which the term of imprisonment [is] at least one year." A crime of violence includes:

> an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or . . . any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

Here, the State offered to dismiss multiple charges if Isidro-Soto pleaded guilty to one count of second degree assault with a deadly weapon enhancement. Under RCW 9A.36.021(2)(b), second degree assault is a felony. RCW 9A.36.021 does not define the term "assault." *See State v. Elmi*, 166 Wn.2d 209, 215, 207 P.3d 439 (2009). Instead, Washington courts recognize three common law definitions of assault: "(1) an unlawful touching (actual battery); (2) an attempt with unlawful force to inflict bodily injury upon another, tending but failing to accomplish it (attempted battery); and (3) putting another in apprehension of harm."

166 Wn.2d at 215.  Isidro-Soto was subject to 15 to 21 months of imprisonment for pleading guilty to one count of second degree assault with a deadly weapon enhancement.

Assault is a crime of violence under 18 U.S.C. § 16.  Isidro-Soto was convicted of a felony-level crime of violence when he was convicted of second degree assault, and he was subject to at least 15 months of imprisonment.  Consequently, Isidro-Soto was convicted of an aggravated felony.  8 U.S.C. § 1101(a)(43)(F).  Because second degree assault is an aggravated felony, it is a deportable offense.  Accordingly, it is "truly clear" that second degree assault is a deportable offense.  Therefore, Isidro-Soto's defense counsel was required to correctly advise Isidro-Soto that pleading guilty to second degree assault would lead to deportation.  *Padilla*, 559 U.S. at 369.

Following an evidentiary hearing, the superior court found that it was possible that defense counsel never advised Isidro-Soto of the deportation consequences of pleading guilty to second degree assault, that defense counsel may not have advised Isidro-Soto about deportation consequences, and that defense counsel did not research whether second degree assault was a deportable offense.

Defense counsel was required to give more than a general warning that pleading guilty could result in deportation consequences to conform to a minimum level of competency.  *See Sandoval*, 171 Wn.2d at 172.  However, the superior court found that it was possible that defense counsel never advised Isidro-Soto that second degree assault was a deportable offense and that defense counsel may not have advised Isidro-Soto of the deportation consequences of pleading guilty.  Moreover, the superior court found that defense counsel did not research whether second degree assault was a deportable offense.  Given the severity of deportation, it was unreasonable

for defense counsel to fail to research the deportation consequences of Isidro-Soto's plea. *See* 171 Wn.2d at 176. Therefore, Isidro-Soto shows that defense counsel's performance was deficient.

The State argues that even if defense counsel did not advise Isidro-Soto about the deportation consequences of pleading guilty, Isidro-Soto was properly advised by the Statement on Plea of Guilty. However, the Washington Supreme Court rejected this argument in *Sandoval*. 171 Wn.2d at 173. There, the Washington Supreme Court determined that the general warnings in a Statement on Plea of Guilty "do not excuse defense attorneys from providing the requisite warnings [under *Padilla*]." 171 Wn.2d at 173. Accordingly, we reject the State's argument.

We hold that Isidro-Soto's defense counsel's performance was deficient because he did not adequately research or advise Isidro-Soto of the deportation risks of pleading guilty.

## II. PREJUDICE

Isidro-Soto argues that defense counsel's deficient performance prejudiced him because he would not have pleaded guilty if he had been advised of the deportation consequences of his plea. We hold that Isidro-Soto has shown prejudice.

To show that counsel's deficient performance was prejudicial, a petitioner challenging a guilty plea must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Sandoval*, 171 Wn.2d at 174-75. A reasonable probability exists if the petitioner "convince[s] the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 372.

In *State v. Sandoval*, the Washington Supreme Court concluded that defense counsel's unreasonable advice prejudiced the defendant. 171 Wn.2d at 176. The Washington Supreme Court reasoned:

> Sandoval had earned permanent residency and made this country his home. Although Sandoval would have risked a longer prison term by going to trial, the deportation consequence of his guilty plea is also "a particularly severe penalty." For criminal defendants, deportation no less than prison can mean "banishment or exile" and "separation from their families." Given the severity of the deportation consequence, we think Sandoval would have been rational to take his chances at trial.

171 Wn.2d at 175-76 (quoting Padilla, 550 U.S. at 365, 373; *Delgadillo v. Carmichael*, 332 U.S. 388, 390-91, 68 S. Ct. 10, 92 L. Ed. 17 (1947)) (citation omitted) (internal quotation marks omitted).

Here, Isidro-Soto spent the majority of his childhood living in the United States, and he became a permanent legal resident in 2004. Additionally, Isidro-Soto expressly stated that he would not have pleaded guilty if he would have known that he was pleading guilty to a deportable offense.

Like in *Sandoval*, Isidro-Soto made the United States his home and had earned permanent residency. While Isidro-Soto would have faced a longer sentence had he lost at trial, deportation is also a particularly severe penalty. Consequently, it would have been rational for Isidro-Soto to take his chances at trial. Accordingly, Isidro-Soto shows that there is a reasonable probability that, but for defense counsel's failure to advise, he would not have pleaded guilty and would have insisted on going to trial. Thus, he has proven that defense counsel's failure to advise prejudiced him.

CONCLUSION

We hold that Isidro-Soto showed that he received ineffective assistance of counsel because defense counsel did not adequately research or advise Isidro-Soto of the deportation risks of pleading guilty. As a result, Isidro-Soto's plea was unintelligent and involuntary. Accordingly, Isidro-Soto has proven constitutional error by a preponderance of the evidence and has shown that the error resulted in actual and substantial prejudice. Therefore, we grant Isidro-Soto's PRP and remand to the superior court with instructions that Isidro-Soto be allowed to withdraw his plea.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Bjorgen, C.J.

Lee, J.