# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 61252-6-II |
| KIMOTHY MAURICE WYNN, | UNPUBLISHED OPINION |
| Petitioner. | |

GLASGOW, J.—In 1999, 21-year-old Kimothy M. Wynn and his friend, Michael Rhem, shot at two people in an alleyway. Neither person was hit or otherwise injured. Wynn and Rhem were each convicted of two counts of first degree assault with a firearm and one count of unlawful possession of a firearm. Wynn and Rhem were each sentenced to the high end of the standard sentencing range for their respective offender scores.

In 2021, Wynn was resentenced following the Washington Supreme Court's decision in *State v. Blake*.[1] Ahead of the resentencing, Wynn asked his attorney to argue for a mitigated sentence for several reasons, including based on the facts of the offense—specifically, that no one was injured. Wynn's counsel refused because she incorrectly believed she could not legally argue for mitigation. She argued instead for a sentence at the low end of the standard sentencing range. The trial court imposed a mid-range standard sentence of 34 years.

Shortly thereafter, Rhem was also resentenced subject to *Blake*. His counsel did argue for a mitigated sentence, based in part on lack of injury, and was successful. The trial court sentenced

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

Rhem, who had a higher offender score and the same level of culpability, to an exceptional mitigated sentence of 30 years.

Wynn now timely seeks relief from personal restraint imposed following his resentencing. Wynn argues that he received ineffective assistance of counsel based on his counsel's failure to seek a mitigated sentence because no one was injured as a result if the shooting.[2]

The State concedes that Wynn received ineffective assistance of counsel and that resentencing is necessary.

We agree with the parties, accept the State's concession, and remand for resentencing.

FACTS

In 1999, when Wynn was 21 years old, he and a friend, Michael Rhem, shot at two people in an alleyway. *State v. Rhem*, noted at 112 Wn. App. 1034, 2002 WL 1481272, at *1. It is undisputed that neither person was hit or otherwise injured. Wynn and Rhem were arrested and each of them was charged with two counts of first degree assault with a firearm. Wynn was charged with one count of unlawful possession of a firearm, while Rhem was charged with two counts of unlawful possession of a firearm. *Id.* Rhem pleaded guilty to one count of unlawful possession of a firearm and a jury found Wynn and Rhem guilty of the first degree assault charges and the remaining counts of unlawful possession of a firearm. *Id.* at *2.

First degree assault is a serious violent offense. Former RCW 9.94A.030(31)(a)(1999). Under former RCW 9.94A.400(1)(b) (1999), when a defendant is sentenced on two or more serious

---

[2] Wynn also argues that his counsel rendered ineffective assistance based on counsel's conflict of interest and that his sentence violates the equal protections clause. *See* U.S. CONST. amend. VI; U.S. CONST. amend. XIV, § 1. The parties agree we need not reach these issues if we accept the State's concession. Because we accept the State's concession and grant Wynn's petition, we do not address these additional arguments.

violent offenses, one serious violent offense is scored and the other serious violent offense is assigned an offender score of zero. The sentences for each serious violent offense presumptively run consecutively to each other. *Id*. A sentencing court can depart from the presumptive sentence with substantial and compelling support for an exceptional sentence. Former RCW 9.94A.390 (1999), *recodified as* RCW 9.94A.535.

Applying the presumptively consecutive sentences, as well as the mandatory and consecutive firearm enhancements, the trial court sentenced Wynn, who had an offender score of 6, to 459 months (38.25 years) in prison, the high-end of the standard sentencing range. Because Rhem had a higher offender score of 9+, his standard sentencing range was higher than Wynn's. The trial court sentenced Rhem to the high end of the standard sentencing range for a sentence of 561 months (46.75 years).

After the Washington Supreme Court's decision in *Blake*, Wynn was resentenced with a lower offender score of 5 and a standard sentencing range of 351-to-427 months. Before the resentencing hearing, Wynn presented his attorney with a detailed mitigation packet demonstrating his achievements since the original sentencing and his troubled upbringing. The mitigation packet also included an argument that the original standard-range sentence was disproportionate to the offense where no one had been injured.

Based on a misunderstanding about the scope of available arguments at resentencing, Wynn's attorney told him that, as a matter of law, they could not request a mitigated sentence and she did not argue for one. Pers. Restraint Pet. (PRP), App. at 34-35. Counsel asked the trial court to impose a sentence at the bottom of the standard range but did not provide any briefing or argument in support of a low-end sentence. Counsel did not argue that the original sentence was

disproportionate to the offense. During his allocution, Wynn presented the court with some evidence of his rehabilitation, and told the court, "I understand the seriousness of my crime, but I also understand that I've served 22 years, and there was no injury." PRP, App. at 24. The trial court imposed a standard-range sentence of 408 months (34 years).

The next year, Rhem was also resentenced following *Blake*. Although Rhem's standard sentencing range did not change as a result of *Blake* because his offender score remained 9, his counsel requested a mitigated sentence based on Rhem's traumatic youth, rehabilitation, the lack of injury to the victims, and his low risk of recidivism. Rhem's counsel supported the request with the presentation of a full mitigation package, including letters of support, an up-to-date psychological evaluation, certificates of progress, and his trial counsel's letter explaining that the State had originally offered a sentence recommendation of 12 years.

Rhem's offender score remained 9 and his standard sentencing range was 453-to-561 months. The sentencing court found that a downward departure was justified by the facts of the offense. The sentencing court found that the presumptive sentence was "clearly excessive" and "grossly disproportionate to the harm caused" where no victim was injured. PRP, App. at 186-87. The court imposed a mitigated sentence of 360 months (30 years).

Wynn timely filed this personal restraint petition seeking a new sentencing hearing, arguing in part that he received ineffective assistance of counsel at his resentencing.

ANALYSIS

Wynn argues that his counsel rendered ineffective assistance by failing to argue for a mitigated sentence. The State concedes that counsel's failure to argue for mitigation based on the facts of the offense constituted ineffective assistance, and we accept the State's concession.

The petitioner carries the initial burden to support their personal restraint petition. RAP 16.7(a)(2); *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004). A petitioner must prove either a constitutional error that results in actual and substantial prejudice or a nonconstitutional error that constitutes a fundamental defect inherently resulting in a complete miscarriage of justice. *In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 807, 383 P.3d 454 (2016). "[I]f a personal restraint petitioner makes a successful ineffective assistance of counsel claim, he has necessarily met his burden to show actual and substantial prejudice" under the standard for personal restraint petitions. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012).

To prevail on an ineffective assistance of counsel claim, Wynn must show that trial counsel's performance was deficient and that Wynn was prejudiced by the deficient performance. *Id*. at 840, (citing *Strickland v. Washington*, 466 U.S. 668, 700, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). A petitioner demonstrates deficient performance by showing that defense counsel's conduct fell below an objective standard of reasonableness. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 888, 828 P.2d 1086 (1992). To show deficient performance, the petitioner must show the absence of any conceivable legitimate tactic explaining counsel's performance. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011).

A defendant is prejudiced by counsel's deficient performance if there is a reasonable probability that, but for the attorney's conduct, the outcome of the proceeding would have been different. *In re Pers. Restraint of Elmore*, 162 Wn.2d 236, 252, 172 P.3d 335 (2007). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

5

Here, Wynn prepared mitigation materials ahead of resentencing and asked his counsel to argue for a mitigated sentence based on the facts of the offense, specifically, that no one had been injured. But counsel failed to do so, apparently believing that a resentencing based on *Blake* was limited to arguing for a sentence within the standard range established under the new offender score. *See* PRP, App. at 34-35 (sentencing counsel's declaration). But this belief was incorrect. *E.g., State v. Ellis,* 5 Wn.3d 549, 556-58, 579 P.3d 37 (2025).

The State concedes that "[t]here was no reason for counsel to fail to make this point [about the lack of any injury] that the mitigation packet had already developed for her." Br. of Resp't at 20. As the State notes, Wynn could not effectively make such an argument himself during allocution without undermining his showing of remorse for his actions. *Id.* Wynn's counsel's failure to seek a mitigated sentence based on the facts of the offense was not strategic and fell below an objective standard of reasonableness. Accordingly, counsel performed deficiently.

A reasonable probability exists that, but for Wynn's counsel's deficient performance, the outcome of Wynn's sentencing would have been different. Rhem's counsel made the arguments that Wynn's counsel failed to make. As a result, Rhem received a mitigated sentence considerably shorter than Wynn, despite Rhem's offender score being 9 compared to Wynn's 5. The State acknowledges that Wynn bears no greater culpability in the offenses than Rhem. On this record, there is a reasonable probability that the trial court may have imposed a mitigated sentence for Wynn, had his counsel not performed deficiently. The State concedes that Wynn has shown that his attorney's refusal to request a mitigated sentence based on the lack of any injury to the victims prejudiced the outcome of his resentencing hearing and that resentencing is required.

We agree with the parties, accept the State's concession, and hold that trial counsel rendered ineffective assistance by failing to argue for a mitigated sentence, the ineffective assistance was prejudicial, and resentencing is required.

CONCLUSION

Accordingly, we grant Wynn's personal restraint petition and remand for resentencing. The parties agree that because we accept the State's concession we need not reach the remaining issues. Because we grant Wynn's petition, we do not address Wynn's other claims. Nothing in this opinion precludes counsel from raising additional arguments for the trial court to evaluate at resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

CRUSER, J.

CHE, J.