# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Personal Restraint Petition of:<br><br>JICOREY RICCARDO BRADFORD,<br><br>                    Petitioner. | No. 47750-5-II<br><br><br><br>UNPUBLISHED OPINION |

MELNICK, J. — Jicorey Bradford petitions for relief from his convictions for assault in the first degree with a firearm enhancement and unlawful possession of a firearm. He argues the trial court should have instructed the jury on the lesser degree crime of assault in the second degree, the trial court should not have instructed the jury with a first aggressor instruction, and his trial counsel and appellate counsel provided ineffective assistance. We deny the petition.

## FACTS

On October 7, 2011, Kerry Edwards and Dandre Long went to an apartment complex to visit Long's girlfriend. While there, they saw two strangers, later identified as Bradford and James Gray. Edwards and Long drove away from the complex in a Chevy Caprice. Bradford and Gray entered a car and also drove away.

Gun shots were fired from the vehicle occupied by Bradford and Gray, into the Caprice. The cars separated but soon met up again. Either Bradford or Gray fired more shots into the

Caprice.[1]  Both cars then sped away.  Bradford's car lost control and crashed into an embankment.

Gray ran away.  The police arrested Bradford at the accident.  They found a handgun nearby.

The bullets destroyed the Caprice's windows.  Two bullets were found inside the car, one in the driver's headrest and the other in the driver's back seat.  These bullets were fired from the handgun seized near Bradford's arrest.

Approximately 90 minutes after the incident, Edwards called Jeff Hall, an officer with the Lakewood Police Department.

The State charged Bradford with two counts of assault in the first degree with a firearm enhancement against Edwards and Long respectively, one count of drive-by shooting, one count of possession of a stolen firearm, and one count of unlawful possession of a firearm in the second degree.  *State v. Bradford*, noted at 180 Wn. App. 1009, 2014 WL 1212001, at *1.

Bradford and his co-defendant, Gray, went to trial.  Although Edwards, Long, Bradford, and Gray testified differently at trial as to what happened, it is clear that an occupant from the Bradford/Gray car fired gun shots into the Caprice.[2]

At trial, Edwards testified Bradford fired the shots, not Gray.  Gray denied firing any shots.  RP at 643.  He also claimed he had no knowledge that Bradford had a gun in their car.  Bradford admitted that he fired bullets at the Caprice.  Bradford claimed he acted in self-defense and only fired the shots after someone in the Caprice displayed a firearm and pointed it at him.  Both Edwards and Long testified neither of them had a gun at the time of the incident.  Bradford admitted he could not lawfully possess a firearm.

---

[1] Bradford and Gray testified that Bradford fired the gun.  Long testified that neither Bradford nor Gray was present at the shooting.  Edwards expressed confusion as to which person, either Gray or Bradford, was the shooter.

[2] Although numerous impartial people witnessed the shooting, none could identify the shooter.

The jury also heard testimony that while a juvenile, Edwards had been arrested with 35 other defendants, all of whom were members of the Hilltop Crips. He decided to cooperate with the police and provide information to them about both the Hilltop Crips and a stolen car operation. Edwards later testified in a murder trial.

Bradford did not object to the trial court's instructions to the jury. They included an instruction on self-defense related only to assault in the first degree and an instruction that disallowed the use of lawful force if Bradford was the initial aggressor. Neither the State nor Bradford requested any lesser degree instructions on the crimes of assault in the first degree.

The jury found Bradford guilty of assault in the first degree with a firearm enhancement against Long, drive-by shooting, possession of a stolen firearm, and unlawful possession of a firearm. *See Bradford*, 2014 WL 1212001, *3.

On direct appeal, the appellate court affirmed Bradford's convictions for assault in the first degree with a firearm enhancement and unlawful possession of a firearm. *See Bradford*, 2014 WL 1212001, at *3. The court reversed Bradford's convictions for drive-by shooting and possession of a stolen firearm because of ineffective assistance of counsel and insufficient evidence, respectively. *See Bradford*, 2014 WL 1212001, at *1, 7. Bradford filed a statement of additional grounds (SAG) and asserted that the trial court should have instructed on lesser included assault crimes and ineffective assistance of counsel relating to the self-defense instruction. On appeal, this court held that Bradford's SAG, "raises no possibility that the latter claims are meritorious." *Bradford*, 2014 WL 1212001, at *7.

Bradford files this Personal Restraint Petition (PRP) seeking relief.

3

ANALYSIS

I.  PRP STANDARDS OF REVIEW

In a PRP, "the petitioner must state the facts on which he bases his claim of unlawful restraint and describe the evidence available to support the allegations; conclusory allegations alone are insufficient." *In re Pers. Restraint of Stockwell*, 160 Wn. App. 172, 176, 248 P.3d 576 (2011); RAP 16.4; RAP 16.7(a)(2)(i).  We consider arguments raised in a PRP under one of two standards.  *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671-72, 101 P.3d 1 (2004).

A petitioner raising constitutional error must show by a preponderance of the evidence that the error caused actual and substantial prejudice.  *Davis*, 152 Wn.2d at 671-72.  A petitioner raising nonconstitutional error must show a fundamental defect resulting in a complete miscarriage of justice.  *In re Pers. Restraint of Elmore*, 162 Wn.2d 236, 251, 172 P.3d 335 (2007).  However, a petitioner arguing ineffective assistance of counsel need not show more prejudice on collateral attack than on direct appeal.  *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 845-46, 280 P.3d 1102 (2012).

"[I]t is important to note that a personal restraint petitioner may not renew an issue that was raised and rejected on direct appeal unless the interests of justice require relitigation of that issue." *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835 (1994).  A PRP is not the "forum for relitigation of issues already considered on direct appeal," it is a medium by which to review "fundamental errors" that prejudice a restrained individual.  *Lord*, 123 Wn.2d at 329.

An issue is considered to be "raised and rejected," if the same ground presented in the petition was determined adversely to the petitioner in the prior appeal and if the prior determination was on the merits.  *Davis*, 152 Wn.2d at 671 n.14.  "A [petitioner] may not recast the same issue as an ineffective assistance claim; simply recasting an argument in that manner does not create a

new ground for relief or constitute good cause for reconsidering the previously rejected claim." *In re Pers. Restraint of Stenson*, 142 Wn.2d 710, 720, 16 P.3d 1 (2001).

The State contends that we should not consider Bradford's PRP because he previously raised the issues presented in his direct appeal. Bradford's SAG issues were dismissed when the appellate court concluded it "raise[d] no possibility that the latter claims are meritorious." *Bradford*, 2014 WL 1212001, at *7. Because it is not clear that the appellate court reviewed Bradford's issues on the merits, we elect to do so.

II.    JURY INSTRUCTION

Bradford argues that the trial court erred by improperly instructing the jury. PRP at 2-3. We disagree.

A.    Standard of Review

"Jury instructions are sufficient if they are supported by substantial evidence, allow the parties to argue their theories of the case, and when read as a whole properly inform the jury of the applicable law." *State v. Irons*, 101 Wn. App. 544, 549, 4 P.3d 174 (2000). "[J]ury instructions read as a whole must make the relevant legal standards manifestly apparent to the average juror." *State v. Marquez*, 131 Wn. App. 566, 575, 127 P.3d 786 (2006). "A trial court is under no obligation to give inaccurate or misleading instructions." *State v. Ehrhardt*, 167 Wn. App. 934, 939, 276 P.3d 332 (2012).

B.    Lesser Degree Instruction

Bradford argues that the trial court erred by failing to instruct the jury on the lesser degree offense of assault in the second degree. We disagree.

"[F]ailure to give a particular instruction is not error when no request was made for such an instruction." *State v. Hoffman*, 116 Wn.2d 51, 111-12, 804 P.2d 577 (1991); *State v. Red*, 105

Wn. App. 62, 65, 18 P.3d 615 (2001). Neither party requested a lesser degree instruction in this case. The parties accepted the trial court's instructions. Therefore, the trial court did not err by failing to instruct the jury on the lesser-degree offense.

C.      Initial Aggressor Instruction

Bradford also argues the trial court should not have given the jury an "initial aggressor" instruction. PRP at 3. He correctly presents the issue as a nonconstitutional issue.

Instructional errors that have been held to be of a constitutional magnitude include directing a verdict, shifting the burden of proof, incorrectly defining the burden of proof, or failing to require a unanimous verdict. *State v. O'Hara*, 167 Wn.2d 91, 100-01, 217 P.3d 756 (2009). Here, Bradford does not argue and the record does not support that the instruction misstated the law. Instead, he argues that the evidence did not support giving the instruction. He contends there was no evidence to indicate he acted first and incited Edwards or Long to react with violence. We disagree.

Bradford does not show how the jury instruction constituted a fundamental error affecting his trial. He seems to argue that the jury instruction confused the jury as to whether his actions were warranted. However, evidence supported the instruction. In considering Bradford's and Edwards's testimony, the jury could have believed that Bradford drew a firearm only in reaction to the other car's gun, or it could have believed that Bradford initiated the shooting. The jury could have believed part of each individual's story. "We defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Arquette*, 178 Wn. App. 273, 282, 314 P.3d 426 (2013). The trial court did not err by instructing the jury with the initial aggressor instruction.

IV.     INEFFECTIVE ASSISTANCE OF COUNSEL

Next, Bradford argues that he received ineffective assistance of counsel because his attorney did not ensure the jury was properly instructed and his appellate counsel did not raise the issues presented in this PRP. We disagree.

A.     Standard of Review

To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient and that the performance prejudiced appellant. *Crace*, 174 Wn.2d at 840 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Performance is deficient if it falls "'below an objective standard of reasonableness.'" *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting *Strickland*, 466 U.S. at 688). To prove prejudice, petitioner must demonstrate that there is a reasonable probability that but for counsel's performance, the outcome of the trial would have been different. *Grier*, 171 Wn.2d at 34. A petitioner must establish both elements of the test. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 35, 296 P.3d 872 (2013).

A defendant alleging ineffective assistance must overcome "a strong presumption that counsel's performance was reasonable." *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). "When counsel's conduct can be characterized as legitimate trial strategy or tactics, performance is not deficient." *Kyllo*, 166 Wn.2d at 863.

B.     Trial Counsel

Bradford argues that he received ineffective assistance from his trial counsel because his attorney did not request an assault in the second degree lesser degree instruction and because his attorney did not object to the "initial aggressor instruction." PRP at 2-3, 5. He presents the issue as a constitutional error. We address each contention individually.

7

The right to counsel is assured by the Sixth Amendment of the United States Constitution and article I, section 22 of the Washington State Constitution. We have held that the right to counsel is meaningless unless it includes the right to effective counsel. *In re Detention of T.A.H.-L*, 123 Wn. App 172, 179, 97 P.3d 767 (2004). Bradford's argument implicates a constitutional right.

The showing of prejudice required to succeed in an ineffective assistance of counsel claim is the same in a collateral attack and a direct appeal. *Crace*, 174 Wn.2d at 845-46. However, Bradford cannot demonstrate his counsel's performance was deficient for not proposing a lesser degree instruction because tactical choices cannot demonstrate ineffective assistance of counsel. An all-or-nothing approach is a reasonable trial strategy. *State v. Carson*, 184 Wn.2d 207, 221, 357 P.3d 1064 (2015). Because Bradford cannot show his counsel was deficient for not proposing a lesser degree instruction, we need not address his argument on prejudice.

Regarding the initial aggressor instruction, Bradford cannot demonstrate prejudice because he cannot show that an objection would have been sustained. As stated the trial court properly instructed the jury on initial aggressor. A first aggressor instruction is appropriate where there is "credible evidence from which a jury can reasonably determine that the defendant provoked the need to act in self-defense." *State v. Riley*, 137 Wn.2d 904, 909-10, 976 P.2d 624 (1999). The instructions here allowed both parties to argue their theories of the case and properly informed the jury of the applicable law. Bradford's counsel was not deficient in failing to object to a proper instruction.

C.    Appellate Counsel

Related to the above argument, Bradford argues his appellate counsel was ineffective for failing to raise the issues asserted in his PRP in the direct appeal. We disagree.

8

Because Bradford did not receive ineffective assistance of trial counsel, Bradford cannot successfully demonstrate prejudice based on his appellate counsel's failure to raise ineffective assistance of counsel. Bradford's argument fails.

We deny Bradford's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Maxa, A.C.J.

_____
Worswick, J.